14-4274-bk (L)
In re AMR Corp.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
GEOFFREY W. CRAWFORD,*
*District Judge*.

------------------------------------------------------------------

IN THE MATTER OF: AMR CORPORATION

------------------------------------------------------------------

AMR CORPORATION,

*Debtor.*

------------------------------------------------------------------

SUPPLEMENT B PILOT BENEFICIARIES,

*Appellant*,

---

* The Honorable Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

                                v.                          No. 14-4274 (Lead)
                                                            No. 14-4334 (Con)
AMR CORPORATION,                                            No. 14-4335 (Con)
AMERICAN AIRLINES, INC.,

                                *Appellees*.

-----------------------------------------------------------------

FOR APPELLANT:          STANLEY J. SILVERSTONE (Nicholas P. Granath,
                        Seham, Seham, Meltz & Petersen, LLP, Minneapolis,
                        MN, *on the brief*), Seham, Seham, Meltz & Petersen,
                        LLP, White Plains, NY

FOR APPELLEES:          ANTON METLITSKY (Robert A. Siegel, Brittney
                        Lane, O'Melveny & Myers LLP, Los Angeles, CA, *on
                        the brief*), O'Melveny & Myers LLP, New York, NY

Appeal from three judgments of the United States District Court for the Southern

District of New York (Colleen McMahon, <u>Judge</u>).

        UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgments of the District Court are AFFIRMED.

        The Supplement B Pilot Beneficiaries ("Supp. B Pilots") appeal from three

judgments of the District Court, which in turn affirmed three orders of the Bankruptcy

Court for the Southern District of New York (Sean H. Lane, <u>Bankruptcy Judge</u>).   The

underlying Bankruptcy Court orders (1) granted the debtor's motion to reject a collective

bargaining agreement ("CBA") with its pilots, (2) eliminated the Supp. B Pilots' option for

lump-sum payouts at retirement, and (3) extinguished grievances filed pursuant to the

rejected CBA.   We assume the parties' familiarity with the facts and record of the prior

proceedings, to which we refer only as necessary to explain our decision to affirm.

        In their appeal, the Supp. B Pilots make four principal arguments, all of which we

reject.

        First, the Supp. B Pilots argue that the Bankruptcy Court's rejection of the CBA

violated both 11 U.S.C. § 1113, which they claim required good faith negotiation with the

Supp. B Pilots, and their rights under the CBA. But the debtor complied with § 1113, which only requires the debtor to negotiate with the "authorized representative" of the employees (here, indisputably, the union), not with subgroups of members represented by the union, such as the Supp. B Pilots. Nor was there a violation of the Supp. B. Pilot's rights under the CBA: having permissibly rejected the CBA under § 1113, the debtor was no longer required to comply with its terms. The Supp. B Pilots also argue that, in any event, they qualify as "interested parties" whose objections to an application for rejection of a CBA must "be heard" under 11 U.S.C. § 1113(d)(1). We do not need to decide that issue because the Bankruptcy Court did in fact permit the Supp. B Pilots to appear and be heard, and rejected their arguments on the merits.

Second, the Supp. B Pilots argue that the Bankruptcy Court committed error in eliminating an option for lump-sum retirement benefits that was guaranteed in perpetuity by the CBA, and committed clear error in finding that the elimination of lump-sum benefits was necessary to avoid a failure of the retirement plan post-bankruptcy. However, as noted, the CBA was properly rejected, and the Bankruptcy Court's factual finding was supported by the record, including statistics showing that a lump-sum option was associated with higher retirement rates and thus likely to cause financial strain on the already underfunded retirement plan.

Third, the Supp. B Pilots argue that the Bankruptcy Court erred in extinguishing their grievances filed under the rejected CBA — grievances that challenged the Bankruptcy Court's authority to conduct the bankruptcy proceeding by abrogating the CBA and eliminating the lump-sum retirement benefit option. Under the circumstances, the Bankruptcy Court's decision to extinguish these grievances was not error. To the contrary, the decision was necessary to allow the court to conduct core bankruptcy proceedings and fell within its equitable power to "issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

3

Fourth, the Supp. B Pilots point out that all disputes growing out of grievances or relating to interpretations of the CBA were subject to mandatory arbitration under the Railway Labor Act, 45 U.S.C. § 151 et seq. (the "RLA"). In light of the CBA's arbitration requirement, they argue, the Bankruptcy Court lacked jurisdiction to decide CBA-related issues like the rejection of the CBA or the extinguishment of claims against the debtor based on grievances filed under the CBA. We conclude that whether the CBA or grievances filed under the CBA could be rejected in bankruptcy were issues to be resolved under the Bankruptcy Code and not under the CBA or the RLA. The Bankruptcy Court did not exceed its jurisdiction in deciding them.

We have considered all of the Supp. B Pilots' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4